John NICHOLAS, Trustee of Joseph Glauber, d/b/a Vanderbilt Men's Shop, Bankrupt, Appellant,

v.

BERMAN & WARREN, Appellee.

No. 15893.

United States Court of Appeals Fifth Circuit.

May 18, 1956.

Herbert L. Markow, Miami Beach, Fla., for appellant.

Robert M. McClosky, Miami Beach, Fla., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal is from an order by the District Court confirming the bankruptcy Referee's order that payments to appellees, Attorneys Berman and Warren, were not in contemplation of bankruptcy, and refusing a re-examination under Section 60, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. d.[1] We are presented with the single question whether the Referee's refusal to make re-examination of the payments made to appellees upon the finding approved by the District Court that the payments were not in contemplation of bankruptcy was clearly erroneous.

The Trustee filed a petition with the Referee under Section 60, sub. d of the Bankruptcy Act for a re-examination of payments totaling $3,000 made by the bankrupt to appellees for legal services prior to the filing of the voluntary petition in bankruptcy. Therein it was alleged that the payments were in contemplation of bankruptcy and that the Referee ought to make a summary inquiry into their reasonableness. The payments to appellees were by four checks dated in February and March, 1953, the last check being dated March

1. "If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be reex- amined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

17th, less than a month before the voluntary petition was filed on April 13th.

A hearing was had upon the petition for a Section 60, sub. d re-examination. One of the appellees, Berman, testified that Glauber, the bankrupt, had retained him to attempt to negotiate with Glauber's creditors for an extension of time for payment of debts. At that time, late January or early February, 1953, Glauber was in some financial difficulty, not having sufficient current funds to meet his obligations. Berman testified positively that the payments were made for his services rendered in an effort to work out a plan with creditors for extension, and that he would not handle a bankruptcy case and was not qualified to do so, and that he had made this fact known to the attorneys then appearing for some of the creditors and now representing the Trustee.

Upon the evidence the Referee found that "the Trustee has not shown that said fees were paid in contemplation of a filing of a petition in bankruptcy;" and the petition was denied. This finding was repeated in the Referee's Certificate of Review.[2] The District Court ratified this finding and affirmed the Referee's order. The Trustee takes the position that the refusal of the Referee to re-examine the fee payment to appellees upon the finding that they were not paid "in contemplation of bankruptcy", was contrary to the law and the weight of the evidence adduced at the hearing.

■ Jurisdiction of the Court under Section 60, sub. d, to re-examine payments made to attorneys exists only upon a determination that the payment was made in contemplation of bankruptcy. In re Wood and Henderson, 1908, 210 U.S. 246, 258, 28 S.Ct. 621, 52 L.Ed. 1046; Conrad, Rubin & Lesser v. Pender, 1933, 289 U.S. 472, 477, 53 S.Ct. 703, 77 L.Ed. 1327; 3 Collier on Bankrupt-

cy, Par. 60.69, p. 1061. "The controlling question is with respect to the state of mind of the debtor and whether the thought of bankruptcy was the impelling cause of the transaction. * * * If the payment or transfer was thus motivated, it may be examined and its reasonableness be determined." Conrad, Rubin & Lesser v. Pender, supra, 289 U.S. at page 477, 53 S.Ct. at page 705.

■ After considering the testimony given in person before him and the exhibits, the Referee determined that the fees in question had not been paid in contemplation of impending bankruptcy within the meaning of the controlling criteria which were undoubtedly applied by him. This conclusion was affirmed by the District Court, and upon the record before us we are unable to say that its action was erroneous. Therefore, the judgment of the Court below confirming the Referee's refusal to make a Section 60, sub. d re-examination of the payments is

Affirmed

■

2. The District Court ordered a clarification of the Certificate of Review and thereupon the Referee filed such a Certificate in which he stated his opinion that "the $3,000.00 was not paid to the attorneys for services rendered or to be rendered in a bankruptcy proceeding; and that said monies could be reached by the Trustee, if at all, only by a suit to recover the same as a preference."